RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  6 / 17 / 14

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICARDO K. DUKES                DOCKET NO. 1:14-CV-31; SEC. P

VERSUS                          JUDGE TRIMBLE

LA ATTORNEY GENERAL             MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Ricardo K. Dukes filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on December 5, 2013, in the Eastern District of Louisiana. [Doc. #1] The petition was transferred to this Court on January 8, 2014. [Doc. #4] Petitioner attacks his twenty-five year sentence for manslaughter, imposed in Seventh Judicial District Court, Concordia Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Dukes was initially charged by bill of information with manslaughter, a violation of La.R.S. 14:31. He was later indicted by a grand jury on a charge of second degree murder, a violation of La.R.S. 14:30.1. Pursuant to a plea agreement, Dukes pled guilty to manslaughter. Petitioner was sentenced to serve twenty-five years at hard labor, with credit for time served. Petitioner appealed on the grounds that his sentence was excessive. In affirming the sentence, the Third Circuit noted that manslaughter

carries a maximum possible penalty of forty years at hard labor, so the twenty-five year sentence imposed was just over one-half the maximum sentence that Dukes could have received.  Moreover, Dukes was originally facing life in prison if convicted for second degree murder.  State v. Dukes, 66 So.3d 598, 2010-1455 (La.App. 3 Cir. 6/1/11).  Petitioner's writ application in the Louisiana Supreme Court was denied on December 16, 2011.  State v. Dukes, 76 So.3d 1199, 2011-1368 (La. 12/16/11); recons. denied, 89 So.3d 1179, 2011-1368 (La. 5/18/12).

On April 10, 2012, Petitioner filed in application for post conviction relief in the Seventh Judicial District Court.  A hearing was held on May 23, 2012, and relief was denied.  [Doc. #10, p.11] Petitioner filed a writ application in the Louisiana Third Circuit Court of Appeal on June 25, 2012.  [Doc. #10, p.7] Writs were denied by the Third Circuit (2012-KH-00704) and the Louisiana Supreme Court (2013-KH-1267); State ex rel. Ricardo K. Dukes v. State, 125 So.3d 449, 2013-1267 (La. 11/8/13).

In the instant petition, Dukes alleges that his sentence is excessive under the Constitution.

### Law and Analysis

Petitioner alleges that his sentence is constitutionally excessive.  This argument was raised by Dukes's counsel on direct appeal of the sentence before the Louisiana Third Circuit.  The appellate court found that manslaughter carries a maximum possible

sentence of forty years at hard labor, so Dukes's sentence was just over one-half of the maximum sentence he could have received. The appellate court noted that the trial court articulated the following considerations in sentencing Dukes: (1) that Defendant was classified as a second felony offender; (2) the facts of the offense as reported by Defendant in his statement to an investigating officer[1]; (3) Dukes's criminal history[2]; and, (4) Dukes's social history[3]. The court also reviewed the photographs introduced, as well as the autopsy report. Id. ("It looks like, Mr. Dukes, this was a very horrible situation. The man had some

---

[1]Defendant reported that on the day of the accident, he and the victim were at the house of Defendant's girlfriend. Defendant alleged that both he and the victim had been drinking alcohol prior to the incident. According to Defendant, the victim started cursing at him and accusing him of doing something to his girlfriend. The victim and Defendant began arguing and then started fighting. The victim hit Defendant twice in the mouth. Defendant pulled out a knife to defend himself because he thought the victim was reaching for a knife in his pocket. Defendant then "hit" the victim before he could pull out his knife. Defendant saw the victim fall and noticed he was bleeding. At that moment, Defendant knew he had cut the victim. Defendant then left to check on his grandmother in Natchez, Mississippi, where he was later arrested. He did not know that the victim had died.

[2] In 1998, Defendant was arrested for various misdemeanors and felonies, only one of which had a disposition—possession of schedule II controlled dangerous substance, reduced to a misdemeanor. In 2004, he was convicted of simple assault and domestic violence and was sentenced to two years at hard labor, suspended, and placed on five years probation. Although Dukes claims the judge failed to read his pre-sentence investigation report, it is clear that the court was aware of - and did consider - Dukes's criminal past.

[3]The trial court noted that Duke's was thirty years old, that both of his parents were deceased, and that he had an older brother and younger sister, as well as four step-siblings. Dukes completed high school and worked various odd jobs until 2001 through 2005 when he worked at Gallo Construction building pallets. At the time of his arrest, he was employed as a landscaper for Gallo Construction. Defendant never married and had no children. He started drinking when he was seventeen years old, after his mother passed away, and he did not stop until the death of the victim. Defendant admitted to smoking marijuana, but indicated that he had not smoked in the five years prior to the offense.

terrible, terrible wounds and I can't believe that you didn't know that he was seriously injured.")  The judge also considered the victim's consumption of alcohol and drugs as a mitigating factor. Id. at 602.  Then, the judge offered, "The Court feels that 40 years would be basically a life sentence for him by the time he would get out — at 30 years old. He would not have much life left. The Court feels that a lesser sentence would be sufficient in this case to punish him for the wrong that he did." State v. Dukes, 66 So.2d 598 (La.App. 3 Cir. 2011).  A sentence of twenty-five years was then imposed.

On appeal, the Third Circuit referenced several cases with similar facts and sentences that it found in the jurisprudence and ultimately concluded that Dukes's twenty-five-year sentence was comparable to sentences imposed under similar circumstances.  The court found that, combined with the benefit of his plea agreement, Dukes's sentence was not excessive. Id.  The Third Circuit's opinion was the last reasoned opinion issued by a state court on this issue. See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991)(when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Dukes argues to this Court that his sentence is unconstitutional and excessive under the Eighth Amendment.  Federal

4

courts accord broad discretion to a state trial court's sentencing decision that falls within statutory limits. See Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987); Turner v. Cain, 199 F.3d 437, 1999 WL 1067559, at *3 (5th Cir. Oct.15, 1999) (Table, Text in Westlaw)(sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence).  As here, if a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense.  See Harmelin v. Michigan, 501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277 (1983). Dukes has not made such a showing in this case.

In denying relief to Dukes, the Louisiana courts did a thorough comparison of sentences in other Louisiana cases with that in Dukes's case.  The state appellate court's detailed comparison correctly demonstrated that the sentence was not disproportionate. Dukes was sentenced within the statutory limit of forty years for the crime of his conviction.  As the state appellate court pointed out, Petitioner's sentence is just over half of the maximum penalty allowed by law. Petitioner cannot show that his twenty-five year sentence for manslaughter violates the Eighth Amendment prohibition against cruel and unusual punishment.

To the extent Dukes complains of a violation of Louisiana Code of Criminal Procedure article 894.1, such a claim of the violation

5

of state law is not cognizable in this federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67 (1991).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this _____ day of June, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE